*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1958**

Minnesota Realty and Management LLC,
Relator,

vs.

Minneapolis Department of Regulatory Services, et al.,
Respondents

**Filed August 3, 2015
Reversed
Worke, Judge**

Minneapolis Department of Regulatory Services

Lee R. Johnson, Johnson & Greenberg, P.L.L.P., St. Louis Park, Minnesota (for relator)

Susan L. Segal, Minneapolis City Attorney, Lee C. Wolf, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Hudson, Judge; and Worke, Judge.

## U N P U B L I S H E D   O P I N I O N

**WORKE**, Judge

Relator challenges the revocation of its rental license, arguing that revocation was based on violations of an ordinance it was in compliance with at the time of the hearing on the notice of revocation. We agree and reverse.

**D E C I S I O N**

Relator Minnesota Realty and Management LLC challenges the city council's revocation of relator's rental license for property it owns in Burnsville, Minnesota. "City council action is quasi-judicial and subject to certiorari review if it is the product or result of discretionary investigation, consideration, and evaluation of evidentiary facts." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 303 (Minn. App. 2007) (quotation omitted). On certiorari review, we do not retry facts or make credibility determinations, and "will uphold the decision if the lower tribunal furnished any legal and substantial basis for the action taken." *Id.* (quotation omitted). We will reverse a city council's decision "if it is fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within its jurisdiction, or based on an error of law." *Lam v. City of St. Paul*, 714 N.W.2d 740, 743 (Minn. App. 2006) (quotation omitted).

The city council adopted approval of the revocation of relator's license after an administrative hearing officer (AHO) concluded that relator's license should be revoked because relator received notice of revocation for having multiple instances of illegal occupancy. Relator argues that revocation merely for two violations is contrary to the applicable ordinance because relator achieved compliance before the hearing date; thus, there was no legal basis to revoke the license. There is no dispute that relator corrected the violation. Therefore, we must determine, based on the ordinance, whether the license could be revoked based on two violations, or whether the license could not be revoked because the property was in compliance on the date of the hearing. This court interprets

2

an existing city ordinance de novo. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn. 1980).

Relator twice violated the ordinance that requires bedrooms to have a ceiling height of not less than seven feet. Minneapolis, Minn., Code of Ordinances (MCO) § 244.800 (2015). Because rooms with ceilings under the minimum height were used as bedrooms, relator violated a requirement that "[n]o rental dwelling . . . shall be over occupied." MCO § 244.1910(a)(3) (2015). Because of the occupancy violations, relator failed to meet minimum standards to hold a rental dwelling license. *Id.*(a) (2015). "Failure to comply with any of the[] standards and conditions shall be adequate grounds for . . . revocation . . . of a rental dwelling license . . . ." *Id.*

After the first violation on January 10, 2011, relator was given until February 4 to come into compliance with the ordinance, which it did. After the second violation on May 6, 2014, relator was given until June 14 to come into compliance, which it did by re-inspection on May 27. However, following the second violation, respondent Minneapolis Department of Regulatory Services issued a notice of revocation. The applicable ordinance provides in relevant part that: "if the director determines that a building or dwelling unit fails to meet licensing standards [in section] 244.1910 . . . for a second time, under the same owner/licensee, the director shall mail the owner . . . a notice of . . . revocation . . . of the license." MCO § 244.1940(a) (2015). The notice warned relator that if an appeal of the determination "recommending" revocation was not taken within 15 days, the license would be revoked. MCO §§ 244.1960(a), .1940(a)(4) (2015). Relator appealed within 15 days.

3

Following a hearing, the AHO found that relator admitted the violations, but took corrective action. The AHO found that relator achieved compliance with the ordinance when the beds were removed from the rooms and the tenant signed a letter of compliance. The AHO, relying on MCO § 244.1940, recommended revocation after determining that respondent "issued a valid Notice of Revocation . . . for having had multiple instances [of] illegal occupancy."

To support its contention that relator's license was properly revoked for having two violations, respondent cites to MCO § 244.1930(a) (2015), which states that when a "dwelling unit fails to meet licensing standards . . . for a second time under the same owner/licensee, a notice of director's determination of noncompliance shall not be required to be sent as the . . . dwelling unit may be subject to an action for . . . revocation . . . pursuant to section 244.1940." Respondent claims that relator was provided "one chance to bring [the] propert[y] into compliance with the licensing standards and . . . a second violation of these standards provided adequate grounds to revoke a rental license." For several reasons respondent's argument is not persuasive.

First, the AHO did not rely on MCO § 244.1930(a), which states that a determination of noncompliance is not required following a second violation. Following the second violation, relator was given an opportunity to achieve compliance with the ordinance, which it did. Additionally, relator was given notice that appeal must be taken within 15 days of the determination *recommending* revocation. *See* MCO § 244.1960(a). Relator was given notice that it must comply with the ordinance by a set date and was also given notice that the license would be revoked *unless* it appealed within 15 days. If

4

revocation is automatic after a second violation, it is unclear as to why relator was instructed to comply with the ordinance and given the opportunity to appeal.

The decision to revoke relator's license is based on an error of law because the AHO did not rely on the MCO that respondent cites in its brief relating to a notice of noncompliance not being required for a second violation. Relator received a notice and was afforded a hearing. Following the hearing, the AHO found that relator complied with the ordinance.

**Reversed.**